

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 4/28/2015

☐Pro Se   ☒Retained   ☐CJA   ☐FPD   **USA or other**
☐Federal Agency
(Appeal Fee Exempt)

Case No: <u>14-cv-2822 RPM</u>

☐Amended Notice of Appeal
☐Other pending appeals
☐Transferred Successive
   §2254 or §2255

Date Filed: <u>4/28/2015</u>

Appellant: <u>LONNIE AND SANDY PHILLIPS</u>

Pro Se Appellant:
☐IFP forms mailed/given   ☐Motion IFP pending   ☐Appeal fee paid
☐IFP denied   ☒Appeal fee not paid

Retained Counsel:
☒Appeal fee paid   ☐Appeal fee not paid   ☐Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals.  Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:  s/<u>E. Van Alphen</u>
     Deputy Clerk

Rev. 10/2/2014

cc:   Clerk of the Court, Tenth Circuit Court of Appeals

APPEAL,TERMED

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:14−cv−02822−RPM

Phillips et al v. LuckyGunner, LLC et al
Assigned to: Judge Richard P. Matsch
Case in other court:  Arapahoe County District Court,
          2014CV31946
Cause: 28:1332 Diversity−Petition for Removal

Date Filed: 10/16/2014
Date Terminated: 03/27/2015
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Sandy Phillips**
*individually and as surviving parent of*
*Jessica Ghawi, decedent*

represented by **Paul Wayne Rodney**
Arnold &Porter LLP−Denver
370 Seventeenth Street
Suite 4400
Denver, CO 80202−1370
303−863−2319
Fax: 303−832−0428
Email: paul.rodney@aporter.com
*ATTORNEY TO BE NOTICED*

**Thomas William Stoever , Jr.**
Arnold &Porter LLP−Denver
370 Seventeenth Street
Suite 4400
Denver, CO 80202−1370
303−863−1000
Fax: 303−832−0428
Email: Thomas.Stoever@aporter.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lonnie Phillips**
*individually and as surviving parent of*
*Jessica Ghawi, decedent*

represented by **Paul Wayne Rodney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas William Stoever , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lucky Gunner**
*a Tennessee Corporation*
*doing business as*
BulkAmmo.com

represented by **James Brian Vogts**
Swanson Martin &Bell, LLP
330 North Wabash
One IBM Plaza
Suite 3300
Chicago, IL 60611−3604
312−321−9100
Fax: 312−321−0990
Email: jvogts@smbtrials.com
*ATTORNEY TO BE NOTICED*

**Marc F. Colin**
Bruno Colin &Lowe, P.C.
1999 Broadway
Suite 4300
Denver, CO 80202−5731
303−831−1099

Fax: 303−831−1088
Email: mcolin@brunolawyers.com
*ATTORNEY TO BE NOTICED*

**Andrew A. Lothson**
Swanson Martin &Bell, LLP
330 North Wabash
One IBM Plaza
Suite 3300
Chicago, IL 60611−3604
312−321−9100
Fax: 312−321−0990
Email: alothson@smbtrials.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sportsman's Guide, The**
*a Minnesota Corporation*

represented by **Donald Mark Chance , Jr.**
Fafinski Mark &Johnson, P.A.
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344
952−995−9500
Fax: 952−995−9577
Email: donald.mark@fmjlaw.com
*ATTORNEY TO BE NOTICED*

**Patrick Joseph Rooney**
Fafinski Mark &Johnson, P.A.
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344
952−995−9500
Fax: 952−995−9577
Email: patrick.rooney@fmjlaw.com
*ATTORNEY TO BE NOTICED*

**Peter A. T. Carlson**
Fafinski Mark &Johnson, P.A.
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344
952−995−9500
Fax: 952−995−9577
Email: peter.carlson@fmjlaw.com
*ATTORNEY TO BE NOTICED*

**Ronald L. Wilcox**
Peters Mair Wilcox
1755 Blake Street
Suite 240
Denver, CO 80202
303−393−1704
Fax: 303−399−8333
Email: rwilcox@peterslaw.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Platt**
*doing business as*
BTP Arms

represented by **Bruce A. Montoya**
Messner &Reeves LLP
1430 Wynkoop Street
Suite 300
Denver, CO 80202
303−623−1800
Fax: 303−623−0552

Email: bmontoya@messner.com
*ATTORNEY TO BE NOTICED*

**Phillip Robert Zuber**
Sasscer Clagett &Bucher
5407 Water Street
Suite 101
Upper Marlboro, MD 20772
301−627−5500
Fax: 301−627−4156
Email: pzuber@scblawyers.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gold Strike E Commerce LLC**
*an Arizona Corporation, and John Does*
*1−10, unknown individuals*
*doing business as*
BulletProofArmorHQ.com

**Intervenor**

**United States of America**                represented by   **Lesley Rebecca Farby**

U.S. Department of Justice−DC−#883
Federal Programs Branch
P.O. Box 883
20 Massachusetts Avenue, N.W.
Washington, DC 20044
202−514−3481
Fax: 202−616−8470
Email: lesley.farby@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Zee**
U.S. Department of Justice−San Francisco
Civil Division, Federal Programs Branch
450 Golden Gate Avenue
San Francisco, CA 94102
415−436−6646
Fax: 415−436−6632
Email: m.andrew.zee@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2014 | 1 | NOTICE OF REMOVAL by LuckyGunner, LLC *(with consent of all Defendants)* from Arapahoe County District Court, Case Number 2014CV31946. (Filing fee $ 400, Receipt Number 1082−4095329), filed by LuckyGunner, LLC. (Attachments: #1 Exhibit A — Original Complaint, #2 Exhibit B — Amended Complaint, #3 Exhibit C — Summons, #4 Exhibit D — Consents to Removal, #5 Exhibit E — Declaration, #6 Exhibit F — State Ct. File (part 1 of 4), #7 Exhibit F — State Ct. File (part 2 of 4), #8 Exhibit F — State Ct. File (part 3 of 4), #9 Exhibit F — State Ct. File (part 4 of 4))(Lothson, Andrew) (Entered: 10/16/2014) |
| 10/16/2014 | 2 | NOTICE of Entry of Appearance by Andrew A. Lothson on behalf of LuckyGunner, LLC (Lothson, Andrew) (Entered: 10/16/2014) |
| 10/16/2014 | 3 | MOTION to Dismiss *Purusant to Fed. R. Civ. P. 12(b)(6) and Memorandum In Support* by Defendant LuckyGunner, LLC. (Lothson, Andrew) (Entered: 10/16/2014) |
| 10/16/2014 | 4 | CORPORATE DISCLOSURE STATEMENT. (Lothson, Andrew) (Entered: 10/16/2014) |

| 10/16/2014 | 5 | MOTION for Leave to File Excess Pages by Defendant LuckyGunner, LLC. (Lothson, Andrew) (Entered: 10/16/2014) |
|---|---|---|
| 10/16/2014 | 6 | Case assigned to Judge Richard P. Matsch and drawn to Magistrate Judge Craig B. Shaffer. Text Only Entry (dbera, ) (Entered: 10/16/2014) |
| 10/16/2014 | 7 | COMPLAINT against Gold Strike E Commerce LLC, Lucky Gunner, Brian Platt, Sportsman's Guide, The, filed by Lonnie Phillips, Sandy Phillips.(dbera, ) (Entered: 10/16/2014) |
| 10/16/2014 | 8 | AMENDED COMPLAINT against Gold Strike E Commerce LLC, Lucky Gunner, Brian Platt, Sportsman's Guide, The, filed by Lonnie Phillips, Sandy Phillips.(dbera, ) (Entered: 10/16/2014) |
| 10/16/2014 | 9 | Magistrate Judge Consent Form issued pursuant to Local Rule (dbera, ) (Entered: 10/16/2014) |
| 10/16/2014 | 10 | FIRST AND FINAL NOTICE TO ATTORNEY(S) IN REMOVED, TRANSFERRED OR OTHER CASES: Pursuant to D.C.COLO.LCivR 11.1(a), an attorney must be a member of the U.S. District Court's bar to make an appearance and receive notice in any case before the court. The attorney records of the court reflect that the following counsel is a member of the U.S. District Courts Bar, but has not entered an appearance in this case: Thomas W. Stoever, Jr. In order to make an appearance in this case and receive any further notice regarding this case, counsel must file an entry of appearance in this case. Absent any Notice of Entry of Appearance filed, no further direct notices to counsel will be sent. Text only entry. (dbera, ) (Entered: 10/16/2014) |
| 10/17/2014 | 11 | ORDER Granting 5 Motion for Leave to File Excess Pages: the parties in this civil action may file pleadings without page limitations, by Judge Richard P. Matsch on 10/17/2014.(jsmit) (Entered: 10/17/2014) |
| 10/17/2014 | 12 | NOTICE of Entry of Appearance by Marc F. Colin on behalf of Lucky GunnerAttorney Marc F. Colin added to party Lucky Gunner(pty:dft) (Colin, Marc) (Entered: 10/17/2014) |
| 10/17/2014 | 13 | NOTICE of Entry of Appearance by Paul Wayne Rodney on behalf of All Plaintiffs Attorney Paul Wayne Rodney added to party Lonnie Phillips(pty:pla), Attorney Paul Wayne Rodney added to party Sandy Phillips(pty:pla) (Rodney, Paul) (Entered: 10/17/2014) |
| 10/17/2014 | 14 | NOTICE of Entry of Appearance by Thomas William Stoever, Jr on behalf of All Plaintiffs Attorney Thomas William Stoever, Jr added to party Lonnie Phillips(pty:pla), Attorney Thomas William Stoever, Jr added to party Sandy Phillips(pty:pla) (Stoever, Thomas) (Entered: 10/17/2014) |
| 10/17/2014 | 15 | NOTICE OF CASE ASSOCIATION *Pursuant to Local Rule 3.2* by Defendant Lucky Gunner (Lothson, Andrew) (Entered: 10/17/2014) |
| 10/20/2014 | 16 | NOTICE of Entry of Appearance by Patrick Joseph Rooney on behalf of Sportsman's Guide, TheAttorney Patrick Joseph Rooney added to party Sportsman's Guide, The(pty:dft) (Rooney, Patrick) (Entered: 10/20/2014) |
| 10/20/2014 | 17 | NOTICE of Entry of Appearance by Donald Mark Chance, Jr on behalf of Sportsman's Guide, TheAttorney Donald Mark Chance, Jr added to party Sportsman's Guide, The(pty:dft) (Chance, Donald) (Entered: 10/20/2014) |
| 10/21/2014 | 18 | NOTICE of Entry of Appearance by Peter A. T. Carlson on behalf of Sportsman's Guide, TheAttorney Peter A. T. Carlson added to party Sportsman's Guide, The(pty:dft) (Carlson, Peter) (Entered: 10/21/2014) |
| 10/21/2014 | 19 | NOTICE of Entry of Appearance by Phillip Robert Zuber on behalf of Brian PlattAttorney Phillip Robert Zuber added to party Brian Platt(pty:dft) (Zuber, Phillip) (Entered: 10/21/2014) |
| 10/21/2014 | 20 | NOTICE of Entry of Appearance by Bruce A. Montoya on behalf of Brian PlattAttorney Bruce A. Montoya added to party Brian Platt(pty:dft) (Montoya, Bruce) (Entered: 10/21/2014) |

| | | |
|---|---|---|
| 10/22/2014 | 21 | MOTION to Dismiss for Failure to State a Claim by Defendant Brian Platt. (Attachments: # 1 Proposed Order (PDF Only))(Zuber, Phillip) (Entered: 10/22/2014) |
| 10/23/2014 | 22 | MOTION to Dismiss *Pursuant to Rule 12(b)(6)* by Defendant Sportsman's Guide, The. (Rooney, Patrick) (Entered: 10/23/2014) |
| 10/24/2014 | 23 | CORPORATE DISCLOSURE STATEMENT. (Carlson, Peter) (Entered: 10/24/2014) |
| 10/27/2014 | 24 | CERTIFICATE of Mailing/Service re 23 Corporate Disclosure Statement, 16 Notice of Entry of Appearance, 17 Notice of Entry of Appearance, 18 Notice of Entry of Appearance, 22 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* by Defendant Sportsman's Guide, The. (Carlson, Peter) (Entered: 10/27/2014) |
| 11/05/2014 | 25 | Unopposed MOTION for Extension of Time to File Response/Reply as to 3 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum In Support*, 22 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*, 21 MOTION to Dismiss for Failure to State a Claim by Plaintiffs Lonnie Phillips, Sandy Phillips. (Attachments: # 1 Proposed Order (PDF Only))(Stoever, Thomas) (Entered: 11/05/2014) |
| 11/06/2014 | 26 | ORDER Granting 25 Motion for Extension of Time re 3 , 21 , and 22 : deadline for Plaintiffs' consolidated response to the motions to dismiss is December 3, 2014, and defendants shall file their replies on or before January 9, 2015, by Judge Richard P. Matsch on 11/6/2014.(jsmit) (Entered: 11/06/2014) |
| 12/03/2014 | 27 | RESPONSE to 3 MOTION to Dismiss *Purusant to Fed. R. Civ. P. 12(b)(6) and Memorandum In Support*, 22 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*, 21 MOTION to Dismiss for Failure to State a Claim filed by Plaintiffs Lonnie Phillips, Sandy Phillips. (Stoever, Thomas) (Entered: 12/03/2014) |
| 12/03/2014 | 28 | NOTICE re 27 Response to Motion, *Plaintiffs' Constitutional Challenge Pursuant to F.R.C.P. 5.1* by Plaintiffs Lonnie Phillips, Sandy Phillips (Stoever, Thomas) (Entered: 12/03/2014) |
| 12/10/2014 | 29 | CERTIFICATE of Mailing/Service re 28 Notice of Plaintiffs' Constitutional Challenge Pursuant to F.R.C.P. 5.1. (Attachments: # 1 Notice of Claim of Unconstitutionality) (evana, ) (Entered: 12/10/2014) |
| 12/12/2014 | 30 | NOTICE *of Receipt of Constitutional Challenge* by Interested Party United States of America (Farby, Lesley) (Entered: 12/12/2014) |
| 01/09/2015 | 31 | REPLY to Response to 21 MOTION to Dismiss for Failure to State a Claim filed by Defendant Brian Platt. (Zuber, Phillip) (Entered: 01/09/2015) |
| 01/09/2015 | 32 | REPLY to Response to 3 MOTION to Dismiss *Purusant to Fed. R. Civ. P. 12(b)(6) and Memorandum In Support* filed by Defendant Lucky Gunner. (Lothson, Andrew) (Entered: 01/09/2015) |
| 01/09/2015 | 33 | REPLY to Response to 22 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by Defendant Sportsman's Guide, The. (Rooney, Patrick) (Entered: 01/09/2015) |
| 02/02/2015 | 34 | NOTICE re 27 Response to Motion, *Intervention* by Interested Party United States of America (Attachments: # 1 Proposed Document Memorandum in Support of the Constitutionality of the Protection of Lawful Commerce in Arms Act)(Farby, Lesley) (Entered: 02/02/2015) |
| 02/04/2015 | 35 | MINUTE ORDER Setting Hearing on Motions 22 , 21 , and 3 for 3/16/2015 02:00 PM in Courtroom A, Second Floor, the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado, by Judge Richard P. Matsch on 2/4/2015. (evana, ) (Entered: 02/04/2015) |
| 02/04/2015 | 36 | NOTICE of Entry of Appearance by James Brian Vogts on behalf of Lucky GunnerAttorney James Brian Vogts added to party Lucky Gunner(pty:dft) (Vogts, James) (Entered: 02/04/2015) |
| 02/23/2015 | 37 | RESPONSE to 34 Notice (Other), *by The United States Of Intervention And Memorandum* by Plaintiffs Lonnie Phillips, Sandy Phillips. (Stoever, Thomas) |

| | | (Entered: 02/23/2015) |
|---|---|---|
| 02/23/2015 | 38 | MOTION for Entry of Default as to *Defendant Gold Strike E Commerce LLC d/b/a BULLETPROOFBODYARMORHQ.COM* by Plaintiffs Lonnie Phillips, Sandy Phillips. (Attachments: #1 Exhibit 1)(Stoever, Thomas) (Entered: 02/23/2015) |
| 02/25/2015 | 39 | NOTICE *OF SUBSTITUTION OF COUNSEL* by Intervenor United States of America (Zee, Michael) (Entered: 02/25/2015) |
| 02/25/2015 | 40 | Clerk's ENTRY OF DEFAULT as to Gold Strike E Commerce LLC re 38 MOTION for Entry of Default as to Defendant Gold Strike E Commerce LLC d/b/a BULLETPROOFBODYARMORHQ.COM, by Clerk. Text Only Entry (evana, ) (Entered: 02/25/2015) |
| 03/13/2015 | 41 | NOTICE of Entry of Appearance by Michael Andrew Zee on behalf of United States of AmericaAttorney Michael Andrew Zee added to party United States of America(pty:intv) (Zee, Michael) (Entered: 03/13/2015) |
| 03/13/2015 | 42 | NOTICE of Entry of Appearance by Ronald L. Wilcox on behalf of Sportsman's Guide, TheAttorney Ronald L. Wilcox added to party Sportsman's Guide, The(pty:dft) (Wilcox, Ronald) (Entered: 03/13/2015) |
| 03/16/2015 | 43 | NOTICE *of Filing* by Plaintiffs Lonnie Phillips, Sandy Phillips (Attachments: #1 Exhibit 1 − Aurora Code)(Stoever, Thomas) (Entered: 03/16/2015) |
| 03/16/2015 | 44 | MINUTE ENTRY for proceedings held before Judge Richard P. Matsch: Motion Hearing held on 3/16/2015. Taking under advisement 3 Motion to Dismiss. Taking under advisement 21 Motion to Dismiss for Failure to State a Claim. Taking under advisement 22 Motion to Dismiss. Court indicates that a written order shall follow. FTR: K. Terasaki. (rkeec) (Entered: 03/16/2015) |
| 03/27/2015 | 45 | OPINION ORDERED that plaintiffs claims as to all defendants and this civil action are dismissed. Pursuant to C.R.S. §13−21−504.5, defendants Lucky Gunner and the Sportsmans Guide are entitled to an award of reasonable attorney fees and costs to be determined after filing motions pursuant to D.C.Colo.L.Civ.R.54.3 within 14 days after entry of judgment pursuant to this order, by Judge Richard P. Matsch on 3/27/15.(ktera) (Entered: 03/27/2015) |
| 03/27/2015 | 46 | JUDGMENT in favor of Gold Strike E Commerce LLC, Lucky Gunner, The Sportsman's Guide, Brian Platt against Sandy Phillips and Lonnie Phillips re: 45 Opinion. Pursuant to C.R.S. §13−21−504.5, defendants Lucky Gunner and the Sportsman's Guide are entitled to an award of reasonable attorney fees and costs to be determined after filing motions pursuant to D.C.Colo.L.Civ.R.54.3 within 14 days after entry of judgment, by Judge Richard P. Matsch on 3/27/15. (ktera) Modified on 3/27/2015 (Entered: 03/27/2015) |
| 04/10/2015 | 47 | MOTION for Attorney Fees *Under Rule 54(d) and D.C. Colo.LCivR 54.3* by Defendant Brian Platt. (Attachments: #1 Affidavit, #2 Affidavit, #3 Affidavit)(Montoya, Bruce) (Entered: 04/10/2015) |
| 04/10/2015 | 48 | MOTION for Attorney Fees by Defendant Lucky Gunner. (Attachments: #1 Exhibit A — Affidavit of Marc Colin, #2 Exhibit B — Affidavit of James Vogts)(Lothson, Andrew) (Entered: 04/10/2015) |
| 04/10/2015 | 49 | Proposed Bill of Costs *and Itemization* by Defendant Lucky Gunner. (Attachments: #1 Exhibit Itemization of Bill of Costs)(Lothson, Andrew) (Entered: 04/10/2015) |
| 04/10/2015 | 50 | MOTION for Attorney Fees *and Costs* by Defendant Sportsman's Guide, The. (Carlson, Peter) (Entered: 04/10/2015) |
| 04/10/2015 | 51 | AFFIDAVIT re 50 MOTION for Attorney Fees *and Costs* by Defendant Sportsman's Guide, The. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D)(Carlson, Peter) (Entered: 04/10/2015) |
| 04/10/2015 | 52 | Proposed Bill of Costs by Defendant Sportsman's Guide, The. (Carlson, Peter) (Entered: 04/10/2015) |
| 04/10/2015 | 53 | AFFIDAVIT re 52 Proposed Bill of Costs by Defendant Sportsman's Guide, The. (Attachments: #1 Exhibit A, #2 Exhibit B)(Carlson, Peter) (Entered: 04/10/2015) |

| 04/10/2015 | 54 | Proposed Bill of Costs *(Supplemental)* by Defendant Sportsman's Guide, The. (Carlson, Peter) (Entered: 04/10/2015) |
|---|---|---|
| 04/10/2015 | 55 | Amended MOTION for Attorney Fees by Defendant Brian Platt. (Attachments: # 1 Affidavit Affidavit of Bruce A. Montoya, # 2 Affidavit Affidavit of Phillip R. Zuber)(Montoya, Bruce) (Entered: 04/10/2015) |
| 04/27/2015 | 56 | NOTICE OF APPEAL as to 45 Order on Motion to Dismiss,, Order on Motion to Dismiss for Failure to State a Claim,,, 46 Judgment,, by Plaintiffs Lonnie Phillips, Sandy Phillips (Filing fee $ 505, Receipt Number 1082−4385058) (Stoever, Thomas) (Entered: 04/27/2015) |
| 04/27/2015 | 57 | LETTER *to Edward Butler, Legal Officer,* by Defendant Sportsman's Guide, The. (Carlson, Peter) (Entered: 04/27/2015) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Richard P. Matsch, Senior District Judge

Civil Action No. 14-cv-02822-RPM

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; and
LONNIE PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent.

       Plaintiffs,

v.

LUCKY GUNNER, LLC, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
BRIAN PLATT, d/b/a/ BTP ARMS,
GOLD STRIKE E COMMERCE, LLC,
d/b/a/ BULLETPROOFBODYARMORHQ.COM, and
JOHN DOES 1 through 10, unknown individuals.

       Defendants.

_____

MEMORANDUM AND ORDER

_____

      Jessica Ghawi was one of 12 persons killed during a mass shooting at the

Aurora Century 16 movie theater in Aurora, Colorado, on July 20, 2012.  Her parents,

Sandy and Lonnie Phillips, filed this civil action in the District Court, Arapahoe County,

Colorado, alleging that defendants sold the shooter some of the equipment he used in

the attack and that the shooter was James Holmes, described as a "patently dangerous

homicidal man."

      Defendants sell sporting goods and tactical gear, such as ammunition

magazines, ammunition, and body armor and all complained of sales are alleged to

have been transacted online.  Plaintiffs do not allege that any of the defendants had any

1

direct, personal contact with Holmes.  Rather, they specifically allege that Holmes made his acquisitions "without any human interaction."

Plaintiffs allege that defendants' internet business practices do not include any reasonable safeguards to prevent dangerous people such as Holmes from purchasing the potentially harmful wares that they sell. Plaintiffs claim that defendants' business practices constitute negligence, negligent entrustment, and public nuisance under a Colorado statute[1] and the Aurora Municipal Code.    Plaintiffs seek an injunction requiring the defendants to change their business practices in an undescribed  manner to be approved by the court and to enjoin their present business practices until such changes have been made.  No other relief is requested. The named defendants, excluding Gold E Strike have, separately, moved to dismiss all claims under Fed.R.Civ.P12(b)(6) for failure to state a claim.

The plaintiffs live in Texas.  Their daughter lived in Colorado. Defendants are Lucky Gunner, LLC d/b/a bulkammo.com ("Lucky Gunner"), the Sportsman's Guide, Brain Platt d/b/a BPT ARMS ("Platt"), Gold Strike E Commerce LLC d/b/a bulletproofbodyarmorhq.com[2], and John Does 1 through 10, identities unknown.    All defendants are citizens of states other than Texas and Colorado.   The case was removed to this court by the defendants, exercising diversity of citizenship jurisdiction provided by 28 U.S.C. § 1332.

---

[1]The Colorado statutory basis for public nuisance has been abandoned since the case was filed.

[2]The Clerk of Court filed an Entry of Default as to this Defendant on February 25, 2015.  Gold Strike E Commerce has taken no further action since that time.  For the reasons discussed herein, this case shall be dismissed in its entirety and no judgment will enter against Gold Strike E Commerce.

The Amended Complaint contains 256 paragraphs.  Paragraphs 17 through 37 are detailed allegations about Holmes's pre-incident behavior leading to this allegation. For example, plaintiffs allege that:

> 38.  Defendants in this case knew, should have known, or knew that it was substantially certain, that in this state of mental instability Holmes would present a danger to society if he were allowed to possess dangerous material.  Nonetheless, Defendants negligently supplied and entrusted him with the material he used to launch his assault.

Amended Complaint, p. 6.

Paragraphs 39-40 develop a sale history for the materials used by Holmes in the attack.  On June 13, 2012, Holmes purchased a high-capacity magazine, ammunition, hearing protection and a laser sight via the Sportsman's Guide's website. On June 28, 2012 Homes purchased at least 1050 rounds of .40 caliber ammunition, 2250 rounds of .223 caliber ammunition, and 25 rounds of 12 gauge shotgun shells via Lucky Gunner's website. On May 10, 2012 Holmes purchased two 6oz. tear gas grenades from BTP ARMS' website.  The firearms involved are alleged to have been purchased from brick and mortar firearms dealers in Colorado.

There are many paragraphs alleging details of preparation for and execution of the attack on the theater using some of the material sold to Holmes by the defendants. The plaintiffs have also alleged other high-profile shootings and allege the following:

> 189.  The combination of (I) the highly-publicized preceding incidents of mass shootings perpetrated by the dangerous mentally ill; (ii) the federal and state laws recognizing the dangers of selling firearms to the dangerous mentally ill; (iv) the Defendant's knowledge of the risks posed by their products in the wrong hands and (v) common sense, lead to the undeniable conclusion that the Defendants knew, should have

3

known, or knew that it was substantially certain that selling Holmes dangerous materiel would create a foreseeable risk of death or injury.

190.   Despite this knowledge of the foreseeable risk that certain individuals with severe mental illness will cause serious injury to themselves and/or others when given access to this materiel, the Defendants failed to make reasonable inquiries, and instead negligently employed unreasonably dangerous sales practices that supplied a dangerous person with the means to engage in a mass attack, thereby causing 12 people to die and many more to be injured.

Amended Complaint, p. 20.

Well-pleaded allegations are taken as true for purposes of ruling on the instant motions, but the allegations have not been proven in Holmes's criminal trial, which is pending in the District Court of Arapahoe County, Colorado. The motions have been briefed and oral argument was heard.  The plaintiffs argue that these motions are premature because discovery is necessary to develop information about the defendants' business practices and awareness of the dangers they present.  On the theories plaintiffs present, however, no discovery is needed.

The Colorado General Assembly declared in 2000 the policy of the state that "civil actions in tort for any remedy arising from physical or emotional injury, physical damage, or death caused by the discharge of a firearm or ammunition shall be based only upon an actual defect in the design or manufacture of such firearm or ammunition or upon the commission of a violation of a state or federal statute or regulation and not upon any other theory of liability." C.R.S. § 13-21-501(1). This policy was codified in C.R.S. § 13-21-504.5, which provides:

4

(1)     A person or other public or private entity may not bring an action in tort, other than a product liability action, against a firearms or ammunition manufacturer, importer, or dealer for any remedy arising from physical or emotional injury, physical damage, or death caused by the discharge of a firearm or ammunition.

(2)     In no type of action shall a firearms or ammunition manufacturer, importer, or dealer be held liable as a third party for the actions of another person.

(3)     The court, upon the filing of a motion to dismiss pursuant to rule 12 (b) of the Colorado rules of civil procedure, shall dismiss any action brought against a firearms or ammunition manufacturer, importer, or dealer that the court determines is prohibited under subsection (1) or (2) of this section. Upon dismissal pursuant to this subsection (3), the court shall award reasonable attorney fees, in addition to costs, to each defendant named in the action.

(4)     Notwithstanding the provisions of subsection (1) of this section, a firearms or ammunition manufacturer, importer, or dealer may be sued in tort for any damages proximately caused by an act of the manufacturer, importer, or dealer in violation of a state or federal statute or regulation. In any action brought pursuant to the provisions of this subsection (4), the plaintiff shall have the burden of proving by clear and convincing evidence that the defendant violated the state or federal statute or regulation.

C.R.S. §13-21-504.5 (2000).

Words and phrases used in a statute should be given effect according to their plain and ordinary meaning. *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542, 545 (Colo. 1995).  The only exceptions to the broad immunity granted to ammunition dealers are a product liability action in (1) and an action in tort for any damages proximately caused

by the violation of a state or federal statute or regulation in (4).  Plaintiffs have not

pleaded a product liability action against defendants under the first exception and the

second exception is not applicable because  Plaintiffs are not seeking "damages." The

Colorado legislature specifically limited suits against ammunition sellers to those where

the plaintiff requests "damages" for relief, except in a product liability action which

includes "any remedy."  Section 13-21-504.5(1).  Subsection (2) precludes liability of the

ammunition sellers for the actions of Holmes in any type of action.  The plaintiffs' claims

of negligence, negligent entrustment and public nuisance based on the sales of

ammunition to Holmes are barred and "shall" be dismissed. C.R.S. § 13-21-504.5(3).

The ammunition sellers are also protected by the Protection of Lawful Commerce

in Arms Act, 15 U.S.C. § 7901 *et seq.* ("PLCAA"). Enacted in 2005, the PLCAA

generally prohibits claims against firearms and ammunition manufacturers, distributors,

dealers, and importers for damages and injunctive relief arising from the criminal or

unlawful misuse of firearms and ammunition, unless the suit falls within one of six

enumerated exceptions.  15 U.S.C. §§ 7901–7903.  Plaintiffs make a failed suggestion

that the PLCAA is unconstitutional. Every federal and state appellate court to address

the constitutionality of the PLCAA has found it constitutional. *See Ileto v. Glock*, 565

F.3d 1126, 1138-42 (9th Cir. 2009), *cert denied*, 130 S.Ct. 3320 (2010); *City of New

York v. Beretta*, 524 F.3d 384, 392-98 (2nd Cir. 2008), *cert denied*, 129 S. Ct. 3320

(2009); *District of Columbia v. Beretta*, 940 A.2d 163, 172-82 (D.C. 2008), *cert denied*,

129 S. Ct. 1579 (2009); *Estate of Kim ex rel v. Coxe*, 295 P.3d 380, 382-92 (Alaska

2013); *Adames v. Sheehan*, 909 N.E.2d 742, 764-65 (Ill. 2009), *cert denied*, 130 S.Ct.

1014 (2009).  The Court finds these decisions sound and rejects plaintiffs' argument that the PLCAA is unconstitutional for substantially the same reasons as set forth in the cited case law.

Among the findings made by Congress was that "[t]he manufacture, importation, possession, sale, and use of firearms and ammunition in the United States are heavily regulated by Federal, State and local laws" and those engaged in firearms and ammunition sales "are not, and should not be, liable for the harm caused by those who criminally misuse" firearms and ammunition. 15 U.S.C. §§ 7901(a)(4) & (a)(5).

The operative language of the PLCAA states that "[a] qualified civil liability action may not be brought in any Federal or State court" against, *inter alia*, any seller of ammunition and "shall be immediately dismissed[.]" 15 U.S.C. § 7902. Congress defined a "qualified civil liability action" as:

> [A] civil action or proceeding or an administrative proceeding brought by any person against any manufacturer or seller of a qualified product, or a trade association, for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or by a third party…."

15 U.S.C. § 7903(5)(A).

A "qualified product" includes ammunition as defined in 18 U.S.C. § 921(a)(17)(A) ("The term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm."). A "seller" includes a person "engaged in the business" of selling ammunition in interstate commerce at the

wholesale or retail level. 15 U.S.C. § 7903(6)(C). "'Engaged in the business'… as applied to a seller of ammunition, means a person who devotes time, attention, and labor to the sale of ammunition as a regular course of trade or business with the principal objective of livelihood and profit." 15 U.S.C. § 7903(1).  There is no dispute that Defendants Lucky Gunner and Sportsman's Guide are "sellers" of "qualified products" under the PLCAA.

In the statute's "Findings; purposes" section, Congress stated a purpose of enacting the PLCAA was:

> To prohibit causes of action against manufacturers, distributors, dealers, and importers of firearms or ammunition products, and their trade associations, for the harm *solely* caused by the criminal or unlawful misuse of firearm products or ammunition products by others when the product functioned as designed and intended.

15 U.S.C. § 7901(b)(1)(emphasis added).

Plaintiffs posit that the purposes specified in 15 U.S.C. § 7901 inform the meaning of the phrase "resulting from the criminal or unlawful misuse" in 15 U.S.C. § 7903(5)(A) and argue that the harm they seek to prevent results from the defendants' conduct contributing to the shooting and therefore was not solely caused by Holmes. That same argument was made and rejected by the Supreme Court of Alaska in *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.2d 380, 384 (Alaska 2013).

In *Estate of Kim*, the estate of a deceased shooting victim brought a wrongful death action against the victim's shooter and the gun store from which the shooter obtained the weapon used in the killing of the victim.  *Id.*  The plaintiff alleged that the

gun store negligently or illegally provided the shooter with the rifle.  *Id.* at 385. The plaintiff argued, as plaintiffs argue here, that based on language found in the congressional findings and purposes sections of the PLCAA, the act "provides immunity only in cases where the harm is caused solely by others." *Id.* at 386. In other words, the plaintiff argued that the PLCAA does not apply in cases alleging that a firearm seller and a criminal actor concurrently caused harm.

The Alaska Supreme Court rejected the argument unequivocally, stating that the plaintiff's construction of the PLCAA ""seeks to elevate the preamble over the substantive portion of the statute, giving effect to one word in the preamble at the expense of making the enumerated exceptions meaningless." *Id.* at 387.  The court noted that a statutory preamble "can neither restrain nor extend the meaning of an unambiguous statute; nor can it be used to create doubt or uncertainty which does not otherwise exist."  *Id.* at 386 (quoting *Commercial Fisheries Entry Comm'n v. Apokedak*, 680 P.2d 486, 488 n. 3 (Alaska 1984)(internal quotations omitted).  The court held that the "plain reading" of the PLCAA's "qualified civil liability action" definition "supports a prohibition on general negligence actions – including negligence with concurrent causation." *Id.*

That ruling is persuasive.

There are statutory exceptions to immunity in the PLCAA.  The plaintiffs rely on § 7903(5)(A)(iii) for "actions in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the

product."  This exception has come to be known as the "predicate exception," requiring proof of a knowing violation of a "predicate statute." *Ileto v. Glock*, 565 F.3d 1126, 1132 (9th Cir. 2009).  Plaintiffs allege that the ammunition selling defendants violated a federal criminal statute prohibiting "any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person —is an unlawful user of or addicted to any controlled substance," 18 U.S.C. § 922(d)(3).

Plaintiffs have not pleaded facts that support their allegation that the federal statute was "knowingly" violated.  There is no allegation that the defendants had any knowledge of the allegations made about Holmes's conduct and condition before the shootings.  Plaintiffs issue with the sales is that the sellers had no human contact with the buyer and made no attempt to learn anything about Holmes.  It is the indifference to the buyer by the use of electronic communication that is the business practice that this court is asked to correct.  Notably, the plaintiffs have not sued the sellers of the firearms for non-compliance with the regulatory requirements applicable to over-the-counter sales.

The liability of each of the defendants must be considered separately.  There is nothing to suggest that the separate defendants had any knowledge of the sales made by the others or by the local firearms dealers.  Looked at in the aggregate and retrospectively, it could be inferred that Holmes's purchases were consistent with planning criminal activity but such an inference is unreasonable under the facts pleaded.

10

The plaintiffs also urge reliance on the public nuisance prohibitions in the Aurora Municipal Code (the "Code") to claim exception under § 7903(5)(A)(iii).  Residents of Aurora are protected under the code from anyone (a) "knowingly or recklessly" displaying "a deadly weapon . . . in a public place in a manner calculated to alarm;" (b) carrying firearms in or upon public facilities "when said facilities are posted with notification that the carrying of firearms is prohibited;" (c) firing, shooting or discharging a firearm " within the city limits;" and (d) possessing a "firearm, other than a pistol or revolver, in or on any motor vehicle unless the chamber of such firearm is unloaded." Aur. Mun. Code § 62-26(8); § 94-154; § 94-146 and § 94-151.

The Code does not authorize private party actions to abate a public nuisance. That authority is granted to the city attorney.  Aur. Mun. Code § 62-29.  Where a nuisance presents an imminent danger of physical injury, "the chief of police shall bring such circumstances to the attention of the municipal court."  Aur. Mun. Code § 62-30.

The Code does not make anyone other than the offending actor responsible for a violation.  Most importantly, none of the Code provisions is "applicable to the sale or marketing" of firearms or ammunition.

Even if plaintiffs could bring a public nuisance suit under the Code, their theory suffers other dispositive infirmities.  First, it is not alleged that defendants themselves violated any of the Code provisions, but rather that they "contributed" to their violation. Plaintiffs must allege facts showing that defendants "knowingly violated" the Code nuisance provisions.  Plaintiffs have not, however, alleged any facts showing how

defendants knew that their selling of materials to Holmes would contribute to Holmes's

violation of Aurora nuisance statutes.  Again, plaintiffs claim that defendants were

"ignorant of the threats posed by certain purchasers."

The second of the six enumerated exceptions to the PLCAA is negligent

entrustment.  "Negligent entrustment" under the PLCAA means "supply[ing] a qualified

product by a seller for use by another person when the seller knows, or reasonably

should know, the person to whom the product is supplied is likely to, and does, use the

product in a manner involving unreasonable risk of physical injury to the person or

others." 15 U.S.C. § 7903(5)(B).  Although the PLCAA identifies negligent entrustment

as an exception to immunity, it does not create the cause of action. 15 U.S.C. §

7903(5)(C) (PLCAA does not create "public or private cause[s] of action or remed[ies].")

Accordingly, the claim arises under state law.  Negligent entrustment under Colorado

law is based on the Restatement of Torts (Second) §§ 308 and 390.  *See, e.g.,*

*Casebolt v. Cowan*, 829 P.2d 352, 358 (Colo. 1992) ("electing to utilize sections 308

and 390 of the Restatement to guide us in our analysis").  Section 390 states:

> One who supplies directly or through a third person a chattel for
> the use of another whom the supplier knows or has reason to
> know to be likely because of his youth, inexperience, or otherwise,
> to use it in a manner involving unreasonable risk of physical harm
> to himself and others whom the supplier should expect to share in
> or be endangered by its use, is subject to liability for physical
> harm resulting to them.

*Restatement (Second) of Torts*, § 390 (1965).  Thus, negligent entrustment, under

Colorado law, requires that "the supplier of the instrumentality entrusted must have

actual knowledge either of the user's propensity to misuse the instrumentality or of facts

from which such knowledge could be reasonably inferred." *Hilberg v. F.W. Woolworth

Co.*, 761 P. 2d 236, 239 (Colo. App. 1988), *reversed on other grounds*, *Casebolt v.

Cowan*, 829 P. 2d 352, 359-60 (Colo. 1992).   The standard of care in negligent

entrustment cases does not include a duty to investigate the background of the person

to whom chattel is entrusted. *See, e.g.*, *Connes v. Molalla Transport Systems, Inc.*, 817

P.2d 567, 570-71 (Colo. 1991) (no duty to investigate employee driver's non-vehicular

criminal record), *affirmed*, 831 P. 2d 1316 (Colo. 23 1992); *Liebelt v. Bob Penkhus

Volvo-Mazda, Inc.*, 961 P.2d 1147, 1171 (Colo. 1998) (no duty to inquire whether

potential automobile purchasers have liability insurance); *accord Heatherton*, 445

F.Supp. 294, 304-05 (D. Del. 1978), *rev'd on other grounds*, 593 F.2d 526 (3d. Cir.

1978) (no duty on firearm seller to investigate background of purchaser).

Plaintiffs acknowledge that to state a viable claim for negligent entrustment under

the PLCAA, they are required to plead facts showing that defendants "[knew], or

reasonably should [have known]," that Holmes was likely to use the product sold to him

in a manner "involving unreasonable risk of physical injury to" others.  Furthermore,

plaintiffs do not dispute that a seller does not have a common law duty to investigate the

background of the person to whom he entrusts a chattel.  Despite their recognition of

the relevant legal standards, plaintiffs have not alleged any facts showing that

defendants had "actual knowledge" of Holmes's mental condition or his intentions and

have not alleged any facts showing that defendants reasonably should have known

anything about Holmes's purposes in making his online purchases.   They have not

shown any factual basis for an exception to the established law that there is no duty to investigate the purchaser.

Instead, plaintiffs argue the existing law should evolve new standards applicable where the facts involve retailers who sell "hazardous items exclusively online, without the kind of human interaction that naturally is involved in a traditional retail transaction." Plaintiffs assert that "it is a question of fact whether Defendants should have known or exercised reasonable care to determine that another person was likely to and in fact did use the dangerous materiel in a manner involving unreasonable risk of injury to others." Plaintiffs' assertion attempts to inject the duty of "reasonable care" to the law of negligent entrustment in Colorado.  But the standard for negligent entrustment liability is narrower than the ordinary negligence standard because the manner in which the chattel is ultimately used is outside the supplier's control.  Imposing the broader "reasonable care" standard on suppliers, encompassing obligations to inquire, investigate, screen, monitor and evaluate buyers and their intentions, would potentially create limitless supplier liability. This is the very reason why suppliers of chattel are required to act only on their actual knowledge or facts from which knowledge may be reasonably inferred. No Colorado court has held otherwise, and plaintiffs have cited no cases from any jurisdiction in which a court has found that a retailer who sells its products online has a duty to investigate its customers.

The only fact that plaintiffs offer to suggest that defendants should have questioned Holmes is the amount of ammunition and other potentially dangerous materials that he purchased, but there is nothing inherently suspicious about large internet orders.  Consumers often buy large quantities of goods over the internet for the

convenience of one transaction and to secure a better price.  Indeed, one of the

defendants' trade names is htttp://www.*Bulk*Ammo.com (emphasis added).  Tellingly,

there are no allegations that the quantities purchased by Holmes exceed any state or

federal law placing limits on the amount of ammunition or other dangerous material a

person may possess at any one time.

Also, no defendant is alleged to have had any idea about what Holmes was

purchasing from other defendants or from the brick and mortar stores that supplied

weapons and other materials that Holmes is alleged to have used in the theater attack.

Thus, plaintiffs allegations that "Defendants should have known that the accused killer

posed a risk with guns, thousands of rounds of ammunition, a 100-round drum, body

armor, and tear gas, as would have been evident in a traditional sales transaction

involving human interaction" not only incorrectly assumes that the quantities in and of

themselves give enough reason to infer that Holmes posed a risk but also incorrectly

suggests that the defendants knew that Holmes had all these items, regardless of

whether they sold them to Holmes or some other entity did.

The federal and state immunity statutes prohibit the claims of liability for the sales

of ammunition in this case.  They do not affect the sale of a high capacity magazine,

hearing protection and a laser sight by Sportsman's Guide and the two .6 oz. Tear gas

grenades by Platt.  The analysis of negligent entrustment law of Colorado precludes

liability for those sales.

The plaintiffs assert preemption of the Colorado Immunity Statute by the PLCAA

under both  the doctrines of implied field preemption and conflict preemption. The Court

disagrees. State laws or regulations are barred on these grounds where preemption is

15

inferred because Congress extensively regulates conduct in an entire field, or where the federal interest clearly dominates, or "where it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Choate v. Champion Home Builders Co.*, 222 F.3d 788, 791 (10th Cir.2000)(internal quotations omitted). "In determining whether a state statute is pre-empted by federal law and therefore invalid under the Supremacy Clause of the Constitution, [the Court's] sole task is to ascertain the intent of Congress." *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280(1987) (citations omitted).

The plain language of the PLCAA and its stated legislative purpose is to protect firearms and ammunition sellers from liability for "the harm caused by those who criminally or unlawfully misuse firearm products or ammunition products that function as designed and intended" while "[p]reserve[ing] and protect[ing] . . . *State sovereignty*[.]" 15 U.S.C. §§ 7901(a)(5), (6) (emphasis added).  Addressing only immunity for manufacturers and sellers of firearms and ammunition from claims based on harm caused by third parties, the PLCAA does not represent a comprehensive regulatory scheme.  It does not create any causes of action, but relies on state law to do so: "[N]o provision of this Act shall be construed to create a public or private cause of action or remedy." 15 U.S.C. § 7903(5)(C).  There are no counterpart regulations to the PLCAA in the Code of Federal Regulations.  While the Colorado Immunity Statute provides greater protection for sellers than the PLCAA, it does not interfere with federal policy in any material way.  *See Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 488-89 (10th Cir. 1998) ("Conflict preemption requires that the state or local action be a

16

material impediment to the federal action") (citation omitted).  Both the Colorado statute

and the PLCAA share the objective of shielding firearms manufacturers and dealers

from liability for injuries caused by third parties using non-defective firearms.

As explained above, plaintiffs have not adequately alleged their claims for

negligent entrustment and public nuisance.  Accordingly, these claims fail even if the

sellers did not have statutory immunity.

A claim of negligence depends upon an identified duty of care. Whether a

defendant owes a duty of care to prevent an injury to another is a threshold question of

law. *Smith v. City & County of Denver*, 726 P. 2d 1125, 1126 (Colo. 1986).  Colorado

law has long recognized there is no duty to act affirmatively to protect another from

criminal attack by a third person unless there is some special relationship between the

parties. *Molosz v. Hohertz*, 957 P.2d 1049, 1050 (Colo. Ct. App. 1998) ("Generally,

there is no duty to control the conduct of a third person so as to prevent him or her from

causing physical harm to another unless a special relationship exists between the actor,

here, the landlord, and the third person, which imposes a duty upon the actor to control

the third person's conduct.")  Plaintiffs have not alleged that any defendant had a

special relationship to either them or their daughter.  Plaintiffs attempt to premise their

negligence claim on the "general duty imposed on all persons not to expose others to

reasonably foreseeable risks of injury."  However, the risk of injury at issue was not

"reasonably foreseeable," because plaintiffs have not sufficiently alleged that

defendants knew or should have known or had reason to believe that Holmes presented

such a risk.  As with their other claims, plaintiffs try to have it both ways by complaining

that the injury was foreseeable to the defendants  on the one hand, and complaining

that defendants knew nothing about their customer on the other.

Even were defendants found to have had a special relationship with plaintiffs'

daughter such that it owed her a duty of ordinary care, plaintiffs' negligence theory

cannot avoid  Colorado's law of proximate cause, which "is intended to ensure that

casual and unsubstantial causes do not become actionable." *North Colorado Medical*

*Center v. Comm. on Anticompetitive Conduct*, 914 P.2d 902, 908 (Colo. 1996).  To

constitute proximate cause, alleged tortious conduct must be a "substantial factor in

producing the injury." *Id*.  If an event other than the defendant's alleged conduct

appears predominant, the defendant's conduct cannot be a substantial factor. *Id.*; *see*

*Castaldo v. Stone*, 192 F.Supp. 2d 1124, 1171 (D. Colo. 2001) (assailants' actions were

the predominant, if not sole, cause of the injuries inflicted in the Columbine High School

shooting).  As discussed above in the context of public nuisance, the alleged chain of

causation between Defendants and Holmes's acts is too attenuated to impose liability.

There can be no question that Holmes's deliberate, premeditated criminal acts were the

predominant cause of plaintiffs' daughter's death.  Holmes meticulously prepared for his

crime, arriving at the theater equipped with multiple firearms, ammunition, and other

gear allegedly purchased from several distinct business entities operating both online

and through brick and mortar locations.  Neither the web nor the face-to-face sales of

ammunition and other products to Holmes can plausibly constitute a substantial factor

causing the deaths and injuries in this theater shooting.

The stated purpose of this civil action is to obtain a court order enjoining the

defendants from conducting their online sales of the products sold to Holmes to protect

the public from future harm until and unless they accept changes prescribed by this

18

court.  To grant such relief this court must conduct hearings and make policy decisions that are within the authority of the political branches of government responsive to the people under our constitutional structure of representative government.  The defendants' motions to dismiss must be granted because this court does not have the authority to grant the relief requested.

Upon the foregoing, it is ORDERED that plaintiffs' claims as to all defendants and this civil action are dismissed.  Pursuant to C.R.S. §13-21-504.5, defendants Lucky Gunner and the Sportsman's Guide are entitled to an award of reasonable attorney fees and costs to be determined after filing motions pursuant to D.C.Colo.L.Civ.R.54.3 within 14 days after entry of judgment pursuant to this order.

DATED:   March 27, 2015

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Richard P. Matsch, Senior District Judge

Civil Action No. 14-cv-02822-RPM

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; and
LONNIE PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent.

        Plaintiffs,

v.

LUCKY GUNNER, LLC, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
BRIAN PLATT, d/b/a/ BTP ARMS,
GOLD STRIKE E COMMERCE, LLC,
d/b/a/ BULLETPROOFBODYARMORHQ.COM, and
JOHN DOES 1 through 10, unknown individuals.

        Defendants.

_____

JUDGMENT
_____

        Pursuant to the Memorandum and Order entered by Senior Judge Richard P.

Matsch on March 27, 2015, it is

        ORDERED AND ADJUDGED that plaintiffs' claims as to all defendants and this

civil action are dismissed.  Pursuant to C.R.S. §13-21-504.5, defendants Lucky Gunner

and the Sportsman's Guide are entitled to an award of reasonable attorney fees and

costs to be determined after filing motions pursuant to D.C.Colo.L.Civ.R.54.3 within 14

days after entry of judgment.

        DATED:   March 27, 2015

                        FOR THE COURT:

                        JEFFREY P. COLWELL, Clerk
                          s/M. V. Wentz
                        By_____
                              Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**


Civil Action No.  14-cv-2822-RPM

SANDY PHILLIPS, individually and as surviving parent
of Jessica Ghawi, decedent; LONNIE PHILLIPS,
individually and as surviving parent of Jessica Ghawi,
decedent,

Plaintiffs,

v.

LUCKYGUNNER, d/b/a/ BULKAMMO.COM,
THE SPORTSMAN'S GUIDE,
Brian Platt, d/b/a/ BTP ARMS,
Gold Strike E Commerce LLC d/b/a/
BULLETPROOFBODYARMORHQ.COM,
and JOHN DOES 1 through 10, unknown individuals,

Defendants.

---

**NOTICE OF APPEAL**

---

Notice is hereby given that Sandy Phillips and Lonnie Phillips, Plaintiffs in the above

named case, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the

"Memorandum and Order" (ECF No. 45) and the "Judgment" (ECF No. 46), both entered in this

action on the 27th day of March, 2015.

Dated:  April 27, 2015.

Respectfully submitted,

ARNOLD & PORTER LLP

By: s/ Thomas W. Stoever, Jr.

Thomas W. Stoever, Jr., Bar No. 25434
Paul W. Rodney, Bar No. 41951
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
Telephone:  (303) 863-1000
Email:  Thomas.Stoever@aporter.com
Email:  Paul.Rodney@aporter.com


THE BRADY CENTER TO PREVENT GUN
VIOLENCE

Jonathan Lowy
Kelly Sampson
840 First Street, NE, Suite 400
Washington, DC 20002
Email: jlowy@bradymail.org
Email: ksampson@bradymail.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 27, 2015 a copy of the foregoing **NOTICE OF APPEAL** was filed and served via CM-ECF on:

| | |
|---|---|
| Marc Colin<br>Bruno, Colin & Lowe, P.C.<br>1999 Broadway, Suite 3100<br>Denver, Colorado 80202<br>(303) 831-1099<br>(303) 831-1088 FAX<br>MColin@brunolawyers.com<br><br>Andrew A. Lothson<br>James B. Vogts<br>Swanson, Martin & Bell, LLP<br>330 North Wabash, Suite 3300<br>Chicago, IL 60611<br>(312) 321-9100<br>(312) 321-0990 FAX<br>alothson@smbtrials.com<br>jvogts@smbtrials.com<br><br>***Attorneys for Defendant LuckyGunner, LLC*** | Peter A. T. Carlson*<br>Donald Chance Mark, Jr.*<br>Patrick J. Rooney*<br>Flagship Corporate Center<br>775 Prairie Center Drive, Suite 400<br>Eden Prairie, MN 55344<br>(952) 995-9500<br>peter.carlson@fmjlaw.com<br>donald.mark@fmjlaw.com<br>patrick.rooney@fmjlaw.com<br>*Admitted in Dist. of Colorado<br><br>***Attorneys for The Sportsman's Guide, Inc.*** |
| Phillip R. Zuber, Esquire<br>5407 Water Street, Suite 101<br>Upper Marlboro, MD 20772<br>(301) 627-5500<br>(301) 627-4156 Fax<br>pzuber@scblawyers.com<br><br>***Attorney for Defendant Brian Platt, d/b/a BTP Arms*** | Bruce A. Montoya, Esq., Bar No. 14233<br>Messner Reeves LLP<br>1430 Wynkoop Street, Suite 300<br>Denver, Colorado 80202<br>303-623-1800<br>bmontoya@messner.com<br><br>***Attorney for Defendant Brian Platt, d/b/a BTP Arms*** |

And by U.S. Mail upon:

Defendant Gold Strike E Commerce LLC
d/b/a/ BULLETPROOFBODYARMORHQ.COM
Christopher E. Russell, Agent for Service
1546 West Vine Ave.
Mesa, AZ  85202

s/  Rebecca A. Golz