# 10th Circuit Ct. of Appeals Briefing and Appendix Checklists for Counseled Cases
Updated 3/11/2013

## Briefing Checklist

**The checklist below includes all the requirements (in both the Federal Rules of Appellate Procedure and 10th Circuit local rules) for filing a *primary* brief (please note memorandum briefs, such as those filed on jurisdictional issues, do not need to comply with all of these requirements). The checklist begins as a brief would begin—at the cover page—then moves through the requirements from there. If you have questions please don't hesitate to contact the clerk's office at 303-844-3157.**

☐ Is the cover page the correct color (for the required hard copies)?:
a. The appellant's and the first cross-appeal's brief is blue;
b. The appellee's and second cross-appeal's brief is red;
c. The third brief on cross-appeal is yellow;
d. The appellant's reply and the fourth brief on cross-appeal's is grey;
e. Amicus and intervenor covers are green.

☐ Is the brief in either 13 or 14-point font (14 point font is preferred)? 10th Cir. R. 32(a).

☐ Is your brief double-spaced except for quotations and footnotes? Fed. R. App. P. 32(a)(4).

☐ Does the cover page of your brief contain the name of the district of origin and the name of the judge (or agency) who entered the underlying judgment (in addition, have you followed the usual practice of including the district court case number as well)? *See* 10th Cir. R. 28.2(C)(5).

☐ Does the cover page of your brief include a statement as to whether or not oral argument is requested? *See* 10th Cir. R. 28.2(C)(4). If argument is requested, the brief must contain a statement of reasons why argument is necessary (generally that statement must follow the brief's conclusion).

☐ Is your brief single-sided? Fed. R. App. P. 32(a)(1)(A).

☐ Does the brief contain a corporate disclosure statement if one is required? Fed. R. App. P. 26.1(a)

☐ Does the brief contain a table of contents, including page references? Fed. R. App. P. 28(a)(1).

☐ Does the brief contain a table of authorities including cases, statutes and other authorities? Fed. R. App. P. 28(a)(3).

☐ Does the brief contain a statement of prior or related appeals (including prior state court matters which may be relevant)? 10th Cir. R. 28.2(C)(1). The "prior and related" cases statement should be included following the table of authorities/cases.

☐ If applicable, does your brief include a glossary of terms following the table of cases/authorities? 10th Cir. R. 28.2(C)(6).

☐ If you are submitting a primary brief in a case with multiple appellants or appellees, and the parties on that side intend to file separate briefs, have you included a statement (following the table of cases/authorities) stating the reasons a separate brief is necessary? 10th Cir. R. 31.3(B). Please note in this regard that even if multiple appellees' briefs are filed the appellant may only file a single reply except upon motion to the court seeking an exemption. 10th Cir. R. 31.3(A).

☐ If you are the appellant, does your brief include a jurisdictional statement which satisfies the requirements of the rules? Fed. R. App. P. 28(a)(4).

☐ If you are the appellant, does your brief include a statement of the issues, a statement of the facts that includes a recitation of the relevant procedural history, and a summary of the argument before the actual argument section? *See* Fed. R. App. P. 28(a)(5) through (7).

☐ If you are the appellant, does your brief contain an argument section including, for each issue raised, (1) a precise reference, with appendix or record citation to the decision under review, *see* 10th Cir. R. 28.2(C)(2) and 10th Cir. R. 28.1(A)(appendix citations) or 28.1(B)(record on appeal citations); *see also* 10th Cir. R. 28.2(C)(3), **and** (2), a statement of the applicable standard of review. Fed. R. App. P. 28(a)(9)(B)?

☐ If you are the appellant, does your brief include "a short conclusion stating the precise relief sought"? Fed. R. App. P. 28(a)(10).

☐ If you are the appellee, have you reviewed Fed. R. App. P. 28(b) to determine which parts of the Rule 28 requirements should be included in your brief?

☐ If you are the appellant, is a copy of the decision under review (that is, copies of "all pertinent written findings, conclusions, opinions or orders" including a magistrate's Report and Recommendation if applicable) attached to the opening brief? 10th Cir. R. 28.2(A)(1)? In this regard, appellants/petitioners in social security and immigration cases should take special note of 10th Cir. R. 28.2(A)(3) and (4).

☐ If you are the appellee, and the appellant has not attached the rulings prescribed in 10th Cir. R. 28.2(A) have you done so? *See* 10th Cir. R. 28.2(B).

☐ If your brief exceeds 30 pages (if principal or response), or 15 pages (if reply), does it contain, at the conclusion, a certificate of compliance including verification of the applicable type volume limitations? Fed. R. App. P. 32(a)(7)(B) and (C). Have you included headnotes, footnotes and quotations in the word count? Fed. R. App. P. 32(a)(7)(B)(iii).

☐ Does your brief include, at the end, **separate certifications** that **(1)** all required privacy redactions have been made (*see* 10th Cir. R. 25.5), **(2)** that the hard copies to be submitted to the court are exact copies of the version submitted electronically (*see ECF User Manual*, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12), and **(3)** that the electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses (*see ECF User Manual*, Section II, Policies and Procedures for Filing Via ECF, Part I(c), pages 11-12)?

☐ Have you signed the brief (please note electronic signatures are proper under the rule)? 10th Cir. R. 46.5(A); 10th Cir. R. 46.5(C).

☐ Does your brief include a separate and proper certificate of service? Fed. R. App. P. 25(C)(1), 25(C)(2), 25(d)(1)(B) and 10th Cir. R. 25.4.

☐ Is the hard copy of your brief (which you will forward to the clerk's office) securely bound and will it lie reasonably flat when opened?

☐ Have you made arrangements to have seven (7) hard copies of the brief forwarded to the clerk's office within two business days? 10th Cir. R. 31.5. Please note in this regard that the hard copies should be *received* in the clerk's office in two business days. *See ECF User Manual*, Section III, Part 5, pages

18-19. Two (2) hard copies of any appendix filed must also be submitted (see the court's appendix checklist for additional information on filing appendices).

## Appendix Checklist

**(applicable in all cases in which retained counsel appears for the appellant—please note it is the responsibility of the appellant to submit the appendix but the appellee may file a supplemental appendix in accord with 10th Cir. R. 30.2(A)(1))**

- ☐ Generally, does your appendix comply with 10th Cir. R. 30.1(C)(1) through (4) as to form, and have you reviewed and considered 10th Cir. R.10.3(A) through (E) with respect to content? Counsel filing appendices in social security cases should pay particular attention to 10th Cir. R. 30.1(A)(2).

- ☐ Does your appendix include, at the beginning, an index (which acts as a table of contents, see Fed. R. App. P. 30(d)) of all the documents, including in that index page numbers showing where in the appendix the particular documents appear? 10th Cir. R. 30.1(C)(3).

- ☐ Is your appendix paginated consecutively? 10th Cir. R. 30.1(C)(3).

- ☐ Are the documents in your appendix arranged in chronological order according to the filing date, and have you included a copy of the district court's docket entries as the first document in your appendix? 10th Cir. R. 30.1(C)(2).

- ☐ Is your appendix single-sided? *See* Fed. R. App. P. 32(a)(1)(A)(*as made applicable to appendices via* Fed. R. App. P. 32(b)).

- ☐ Is your appendix securely bound and will each volume lie reasonably flat when opened? If necessary, have you divided your appendix into separate volumes to ensure each will lie reasonably flat when opened? 10th Cir. R. 30.1(C)(2).

- ☐ Have you included a certificate of service with your appendix and have you served a copy on other parties to the proceeding? 10th Cir. R. 30.1(D).

- ☐ Have you submitted two (2) hard copies of the appendix to the clerk's office at the time the hard copies of the brief are submitted (noting the appendix will not be filed electronically)? Please note in this regard that the hard copies should be *received* in the clerk's office in two business days. *See ECF User Manual*, Section III, Part 5, pages 18-19.

☐ If you have sealed materials as part of your appendix, have you reviewed 10th Cir. R. 30.1(C)(4)? Call the clerk's office with any questions in that regard.